# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2024

Lyle W. Cayce
Clerk

_____

No. 23-30318
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Terrence Landry,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CR-175-1

_____

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Terrence Landry appeals his sentence of 210 months of imprisonment imposed after pleading guilty to receipt of child pornography. He contends that the district court clearly erred in applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(A) because the Government failed to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

demonstrate by a preponderance of the evidence that he distributed child pornography for pecuniary gain.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Luyten*, 966 F.3d 329, 332 (5th Cir. 2020). There is no clear error if a factual finding is plausible in light of the record as a whole. *Id.*

The Sentencing Guidelines provide that a defendant's offense level is increased by at least 5-levels "[i]f the offense involved distribution for pecuniary gain." § 2G2.2(b)(3)(A). Distribution includes actions "related to the transfer of material involving the sexual exploitation of a minor," "including possession with intent to distribute, production, transmission, advertisement, and transportation" of child pornography. § 2G2.2, comment. (n.1).

While Landry contends that he took no part in discussing the purchasing or selling of child pornography, the record reflects that Landry owned a Twitter account that routinely shared child pornography with other users; that he pretended to be the child depicted in the images and videos that he shared; that he asked Twitter users how much they would pay for images and videos depicting child pornography; and that he discussed the methods for receiving payments. Because the determination that he distributed child pornography for pecuniary gain is plausible in light of the record as a whole, and Landry failed to present evidence rebutting the finding, the district court did not clearly err in imposing an enhancement under § 2G2.2(b)(3)(A). *See Luyten*, 966 F.3d at 332; *United States v. Landreneau*, 967 F.3d 443, 451 (5th Cir. 2020) (holding that the defendant has the burden to rebut facts adopted by the district court).

AFFIRMED.